IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND SETZKE                                          PLAINTIFF

    V.                          No.  5:08-CV-05236

LARRY NORRIS, Director
Arkansas Department of Correction                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. Section 2254 (Doc. 1) filed November 10, 2008.  An order was entered granting leave to proceed in forma pauperis (Doc. 3) on November 10, 2008.  The State filed a Response (Doc. 14) on January 16, 2009 and the Petitioner filed his Reply (Doc. 22) on February 2, 2009.  The Petitioner also filed a Motion to Appoint Counsel (Doc. 21) on January 2, 2009. The matter is now ready for disposition.

### I.  Background:

The Petitioner was convicted by the Washington County Circuit Court on January 8, 2004 and sentenced to 66 months in the Arkansas Department of Correction on the charge of Theft and Theft by Receiving. (Doc. 1, p.1)(5:07-cv-5186, Doc. 74, Attachment 1)

It appears that the Petitioner came up for parole on the above sentence on December 10, 2004 and at that time he contends that he was "compelled to sign forms to be registered as a sex offender or be denied his release".  (Doc. 1, p. 5) The Sex Offender Registration Form was executed on December 10, 2004 and under the sub heading of Sex or Child Offense Information the form list that the Petitioner was arrested in 1981 on the charge of Indecent Liberties with a

1

Child. (5:07-cv-5186, Doc. 74, Attachment 2).

The Petitioner filed an action under 42 U.S.C., section 1983 on October 30, 2007 against Larry Norris, Director of the Arkansas Department of Correction, John Maples, Warden of the Grime Unit of the Arkansas Department of corrections, and the female prison official who had required him to register. (5:07-cv-5186, Doc. 1)

Setzke alleges in his 1983 petition that he protested because the charge she was referring to had occurred in Illinois in the beginning of 1981 and he maintained there was no requirement that he register in Arkansas. Further, Setzke indicates he stated that the Arkansas laws did not apply to him. In response, Setzke states he was informed that he would not be released if he did not sign the papers. Setzke alleges he was told the papers were to register but if his court disposition said he didn't have to register he had nothing to worry about. (5:07-cv-5186, Doc. 1, page 4)

The Sex Offender Registration Form provides that the form shall be sent to the Arkansas Crime Information Center within 3 days after completion and that failure to complete and forward the form to ACIC within 3 days is a Class B Misdemeanor.  The form explained that the petitioner was required to register prior to release from prison and that he would have to provide the Arkansas Crime Information Center any change of address within 10 days. (5:07-cv-5186, Doc. 74, Attachment 2)

A year or so later, Setzke maintains his daughter was looking on the computer and found his picture on there and it said it was a ten year update. As a result of his being a registered sex offender, Setzke alleges he lost custody of his daughter and suffered in various other ways. (5:07-cv-5186, Doc. 1)

2

An Arkansas Department of Community Correction Violation Report states that:

> Raymond Setzke reported to the parole office on 01/26/05.  At that
> time he was directed to report the first Monday of each month.  He has
> not reported since 01/26/05.  A home visit was conducted on 03/10/05
> and again on 03/21/05.  It was confirmed Setzke no longer lived at his
> reported address.  Setzke listed his employer as Westlin Concrete.
> Setzke terminated his employment with Westlin Concrete on or about
> 02/23/05, without the prior approval of his supervising officer.  A
> violation report was completed on 04/20/05 and parole board warrant
> #05-1190 was issued by the PPTB on 04/21/05.  Setzke was
> apprehended in Warrenville, IL., on or about 05/02/06.  Authorities
> were unable to confirm the warrant with ACIC and Setzke was
> subsequently release.  Setzke was again arrested on 01/19/07, on a
> fugitive warrant out of Benton County, AR. For failure to pay
> restitution on a suspended sentence case.  He bonded out of custody
> 01/20/07, Setzke mailed the money he owed to Benton County and the
> warrant was discharged by Court order on 04.12/07.  Setzke failed to
> notify his supervising officer of these police contacts. (5:07-cv-5186,
> Doc. 74, Attachment 3)

It also appears that the Arkansas Department of Correction sent a letter to Mr. Setzke on

May 1, 2006 which stated that "[A]s an individual convicted of a target offense you are required

to be assessed to determine the risk that you pose to the general public".  (5:07-cv-5186, Doc. 74,

Attachment 4) A similar letter was mailed to Mr. Setzke on May 24, 2006. (5:07-cv-5186, Doc.

74, Attachment 6) The Arkansas Department of Correction then sent a letter to Mr. Setzke on

August 15, 2006 notifying him that he had been "assessed a risk level: 3". (5:07-cv-5186, Doc.

74, Attachment 7)

Mr. Setzke, according to the ADC Status Assignment Sheet, was returned to the Arkansas

Department of Correction on September 21, 2007 and remained there until September 3, 2008

when he was again release to supervision. (Doc. 14, Attachment 1)   According to the Arkansans

Department of Community Correction Violation Report the Petitioner was placed the Sobriety

Living Center in Jefferson County, Arkansas and left that facility without permission on October 15, 2008 indicating that he was going to the store. (Doc. 14, Attachment 2) The Petitioner never returned and a Warrant was issued for his arrest on October 23, 2008. (Doc. 14, Attachment 3)

Mr. Setzke filed the current Petition on November 10, 2008 claiming in Ground One that he was denied Due Process and Equal Protection, in Ground Two that the action by the State constituted Double Jeopardy and Ex Post Facto enforcement of the Law and in Ground Three that the action by the State constituted Double Jeopardy, Ex Post Facto, Due Process and False Imprisonment.

## II.  Discussion

**Jurisdiction:**

The State first argues that the Arkansas Sex Offender Registration Statute does not impose restrictions on the Petitioner's  liberty that amount to "custody" within the meaning of 28 U.S.C., sec. 2254(a) which provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation the Constitution or laws or treaties of the United States".

In order to satisfy the jurisdictional "in custody" requirement, the petitioner must be "in custody" for the conviction he is challenging when he files his petition.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)

Numerous courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas. *Virsnieks v. Smith*, 521 F.3d

707, 717-720 (7th Cir.2008) (collecting cases and finding that Wisconsin's sex offender registration requirements are remedial rather than punitive and therefore do not satisfy the "in custody" requirement for habeas corpus claims); see also *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir.2002) (same finding under Ohio's sex offender registration statute); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir.1999) (same finding under California's sex offender registration statute; *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir.1999) (same finding under Oregon's sex offender registration statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir.1998) (same); *Davis v. Nassau County*, 524 F.Supp.2d 182, 187-89 (E.D.N.Y.2007) (collecting cases and finding same under New York's and Oklahoma's sex offender registration statutes).

The Eighth Circuit, after analyzing other circuits, recently held that registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the "in custody" requirement for habeas relief. *Hansen v. Marr* 2009 WL 162687, 2 (D.Neb.) (D.Neb.,2009) The burdens and requirements of sex offender registration laws are merely collateral consequences of a conviction, and they do not cause a registered sex offender to be "in custody" for purposes of § 2254(a). *Stevens v. Fabian* 2009 WL 161216, 10 (D.Minn.) (D.Minn.,2009)

While the State's argument is compelling it is not controlling because the Petitioner was on parole at the time that he filed his habeas petition.

A parolee is "in custody" because, "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom." The Court added: "It is not relevant that conditions and restrictions such as these may be desirable and important parts of the rehabilitative process; what matters is that they

significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236 at 243, (1963).

In the present case, in addition to all of the statutory requirements imposed under the sex offenders registration act,  the petitioner had been released to the Sobriety Living Center in Jefferson County, Arkansas and required to attend substance abuse classes.  The Petitioner's original sentence will not expire until July 2009 and the conditions of his parole certainly confine and restrain his freedom.  The court finds that the Petitioner is in custody for the purposes of ruling on the habeas corpus petition.

**Statute of Limitations:**

The Petitioner's claims are barred because they were not timely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review," 28 U.S.C. § 2244(d)(1)(A).

The time during which a "properly filed" application for state post conviction relief is pending tolls the limitation period, however. 28 U.S.C. § 2244(d)(2). *Jackson v.  Ault*, 452 F.3d 734,C.A.8 (Iowa), 2006.

In this case the Petitioner entered a plea of guilty on January 8, 2004 and judgement was entered on the same day. (5:07-cv-5186, Doc. 74, Attachment 1)  After entering his guilty plea, Petitioner could not appeal his conviction. *Seibs v. State*, 357 Ark. 331, 333, 166 S.W.3d 16, 17 (2004); Ark. R. Cr. P. 24.3; Ark. R. App. P. - Cr. 1.

Petitioner did not file a post conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. For guilty pleas, such petitions are to be filed within 90 days of the date of entry of judgment which was January 8, 2004. Ark. R. Cr. P. 37.2(c).  The time limit for filing the petition would have been April 7, 2004.

The statute, however, also provides that the one year limitation period may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D) Even if the court were to consider that the limitation time ran from the time the Petitioner discovered that he was subject to the sexual registration provision his petition would not be timely filed.

The Arkansas Department of Community Correction Violation Report states that the "rules/conditions were read to him on 12/15/04". (5:07-cv-5186, Doc. 74, Attachment 3) The Petitioner's own petition states in Ground One that he was "forced and compelled to sign the register as a sex offender or be denied his release". (Doc. 1, page 5) At the latest the statute of limitation could have run from 12/15/04 and would have expired December 15, 2005.  The Petitioner also contends that because he was a registered sex offender he was denied parole to Illinois in January 2005 and that his daughter was taken from him in April 2006. (Doc. 22, p.3)

It is obvious that the petitioner was aware of his claim as of December 15, 2004 and that his claim for habeas relief is well beyond the time prescribed by the statute.

**Motion for Counsel:**

_____Petitioner has also  filed a Motion to appoint counsel. (Doc. 21) In the Motion the Plaintiff has asserted that "due to procedural requirements in this action the Petitioner does not understand" he has requested court to appoint counsel.

If no evidentiary hearing is necessary, the appointment of counsel is discretionary. *Abdullah v. Norris* 18 F.3d 571, 573 (C.A.8 (Ark.),1994)  When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir.1990).  If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. See Habeas Rule 4. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. 18 U.S.C.A. § 3006A(a)(2); see also *Battle*, 902 F.2d at 702. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. See *Battle*, 902 F.2d at 702; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir.1986).

In the present case the Motion to Appoint Counsel is not merited because the petition is without merit since it was filed beyond the statutory time and the Motion is DENIED.

### III.  Conclusion

Based on the above, I recommend that the instant petition be dismissed with prejudice because it was not timely filed.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

The court having determined that the Petitioner is barred by the one year statute of limitations finds that the Motion for Counsel is DENIED.

IT IS SO ORDERED this 9th day of February 2009.

/s/ J. Marschewski
_____
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE